## WHITE v. FRATT, MORGAN, STANFORD et al.

A BILL *quia timet*, and to enforce the specific execution of an agreement, lies only where there is no adequate remedy at law. But where the damages, resulting from the breach of such agreement, are susceptible of precise admeasurement, equity will not take jurisdiction, unless there are some peculiar equitable circumstances.

Where an indemnity bond is given to a Sheriff to hold him harmless, and pay any judgment which may be rendered against him by reason of his seizure of certain property, his remedy at law on the bond is clear for the amount of any such judgment, whether he be solvent or not, or whether his official sureties could be held or not, and a bill in equity will not lie.

Where a Sheriff seizes goods on two attachments in behalf of different plaintiffs, and the property being claimed by a third person, the plaintiffs in the attachment suits execute to the Sheriff separate indemnifying bonds, there is no joint liability between the plaintiffs to the Sheriff. Each bond must be sued on as an independent obligation.

Whether each obligor is liable to the Sheriff for the whole amount of any judgment against him, leaving the question of contribution to be settled between them; *Query.*

Where a bill in equity shows on its face that plaintiff is not entitled to relief, the defect may be taken advantage of in the Appellate Court, even though no demurrer be filed.

APPEAL from the Sixth District.

For facts see opinion. The Court below decreed that defendants, Schwartz & Bosler, and Stanford, pay to Wood, according to the prayer of the bill, their proportionate share of the balance due on Wood's judgment. Schwartz & Bosler having already paid one thousand five hundred and thirty-two dollars, there was due Wood one thousand six hundred and thirty-one dollars and sixty-one cents; and of this sum the Court decreed Stanford should pay one thousand and twenty-three dollars and thirty-one cents, and S. & B. one hundred and seven dollars. Stanford alone appeals.

*Clark & Gass*, for Appellant.

Bill in equity does not lie in this case, the plaintiff having an adequate remedy at law. Besides, the plaintiff avers his insolvency; and hence he cannot lose, and has no right to relief.

(*Champion* v. *Brown*, 6 Johns. Ch. 404, 405.) A bill of peace will not lie, when the rights and responsibilities of the several parties neither arise from, nor depend upon, nor are in any way connected with, each other. Nor will a bill *quia timet* lie, unless the plaintiff may be subjected to loss, by the neglect, inadvertence, or culpability, of another. (*Randolph's Adm'x* v. *Kenney et als.* 3 Randolph, 394.)

*Wallace & Rayle*, for Respondent.

1. Defendant concedes the equity of the bill by failing to demur. 2. This is a proper case for specific performance. (1 Ver. 189; 6 Johns. Ch. 398; 2 Story Eq. Jurisp. 35, 36, and cases cited.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This was a bill, filed by the plaintiff, in which he avers that he was Sheriff of Sacramento County, on the 8th September, 1857. That, on that day, Schwartz & Bosler sued out an attachment, against Bullard & Son, for six hundred and twenty-four dollars, and placed it in the hands of plaintiff, as Sheriff; and that on the 10th September, 1857, defendant, Stanford, put in plaintiff's hands an attachment against the same Bullard & Son, for three hundred and seventy-two dollars; that the Sheriff executed these writs in their order of precedence as to time; when defendant, Wood, served a notice on the Sheriff, that he was the owner of the property, and demanded its surrender and return. On this, plaintiff notified these creditors of this demand, and requested an indemnifying bond, whereupon the defendants, Fratt and Morgan, for, and on behalf of, Schwartz & Bosler, executed a bond or undertaking of indemnity, in the usual form; and Stanford, on his own account, also executed a bond of indemnity. The bill further charges that judgment in both these attachment cases has been rendered, and that executions issued on them, a sale of the property had, and the money arising therefrom, paid over, viz : Schwartz & Bosler, six hundred and seventy-one dollars and thirty-one cents, and L. Stanford, three hundred and ninety-one dollars and eighty-three cents; that after the execution of these bonds, Wood instituted an action in the District Court of the

Sixth District, and in January, 1858, judgment was had against the plaintiff and Schwartz & Bosler for two thousand four hundred and fifty dollars, and forty-two dollars costs. On this judgment, execution was issued and returned " unsatisfied," for want of property. The bill avers that he has requested and demanded of Fratt and Morgan, and Stanford, to comply with the terms and conditions of their undertaking, and pay the judgment to Wood, but they have refused; that he, the plaintiff, is wholly insolvent, and cannot pay off the judgment; that, therefore, he has no remedy at law on the bond, thus exposing himself and his sureties, on his official bond, liable to be harrassed. The prayer is that these parties be decreed to pay this judgment.

The undertaking of Stanford is different in form from that of Schwartz & Bosler. The instrument, after reciting the premises, says: " I agree to save harmless the said White, and to pay any judgment or judgments which may be rendered against him by reason, or in consequence, of the levy of said attachment first aforesaid, or the sale of said goods under said execution."

This is a bill *quia timet*, and to enforce the specific execution of this agreement. The ground of the interference of chancery in such cases is, that there is no other adequate remedy. If a plain, speedy, unembarrassed, remedy exists at law, equity will not interpose. As a general rule, chancery will not interfere in cases sounding in damages. But there are exceptions to the rule; as where there was a contract for the sale of a large quantity of iron, to be paid for in a certain number of years, by installments, a specific performance was decreed, (3 Atk. 384; 1 Sim. & Stu. 607); and so of contracts for the delivery of certain timber at specified periods. (3 Atk. 383 ) But in those cases, the jurisdiction is put on the ground that compensation in damages would not afford a full, complete, and satisfactory, remedy, and it is denied when this is attainable at law. And the jurisdiction attaches also in cases of apprehended injury, as by sureties, etc. where no loss has as yet followed. (2 Story's Eq. 35.) It has been held, in analogy to this last principle, that in cases of a general covenant to indemnify, although sounding in damages, equity will decree specific performance. Of this class of cases is *Ranelaugh* v. *Hayes*, 1 Vernon, 189; and *Champion* v. *Brown*, 6 Johns. Ch. 389; and *Chamberlain* v. *Blue*, 6 Blackf. 491,

maintains the same principle. But we have not been able to find any case, where the damages resulting from a breach of a personal contract are susceptible of precise admeasurement, in the absence of some peculiar equitable circumstances, in which specific performance has been decreed. The general principle, which lies at the foundation of this jurisdiction, seems to ignore the existence of such a remedy.

The question arises, what would be the measure of the plaintiff's recovery for the breach of Stanford's obligation? It has been seen that the condition is to pay *any* judgment against White, recovered in consequence of the levy of Stanford's attachment, etc. For a breach of this duty of paying the judgment, when notified, if notice be necessary—what is the measure of Stanford's liability? We think very clearly that it is the amount of the judgment. We do not think that it is important whether White was solvent, or insolvent; or whether his official sureties could be held, or not. If a man sells his property, or contracts with another, on good consideration, that the latter shall pay his debt—for a breach of the obligation, the measure of damages would be the amount. The law supposes in such a case, that the payment of the debt is equivalent in value to the debtor to so much money in hand.

There have been great conflicts of decisions, and much discussion as to the measure of recovery in actions upon contracts for general indemnity and agreements for protection from general and specific liability. The New York cases are conflicting upon this subject. But the doubt and difficulty have arisen from the terms of the instrument—whether they imported a specific duty of protecting the party indemnified from a loss or the cause of it, or only amounted to a guaranty of reimbursement upon a payment by the indemnified. (*Churchill* v. *Hunt*, 3 Denio, 321,) is a leading case. There the bond was to save harmless and indemnify the obligee against his liability as the maker of a promissory note, then held by a third person, and to pay the same, or cause it to be paid. It was held that the obligee might, without having paid anything, recover the amount of the note against the obligor upon the failure to pay the holder. The case was fully argued. The Court say : "The plaintiffs were undoubtedly entitled to recover the amount of the note and interest thereon;

for to that extent the condition of the bond was express and absolute. (*Post* v. *Jackson*, 17 Johnson, 239, and authorities there referred to; *In the matter of Negus*, 7 Wend. 499.)

*Thomas* v. *Allen*, (1 Hill, 145,) is to the same effect.

These cases are very similar in the facts, and identical in principle with this case.

There was no obstacle to the plaintiff's recovery at law, and for precisely the same sum for which the defendant is responsible here, if the plaintiff were entitled to recover at all; and the rules governing the contract, and the defendant's liability on it, are precisely the same in law and equity.

It is true that other parties are joined in the suit, and a kind of joint liability sought to be created. But we do not see very clearly how this can be done. Stanford did not contract jointly with these other defendants. He is to be held on his own contract—not theirs; and, unquestionably, upon ascertained facts, the law affixes a definite measure of recovery to his liability. Whatever the equities, or rights, or liabilities, of these different obligors may be *inter sese*—a matter we cannot here decide—it is very clear that each of them, on his separate instrument, sustains his own independent position towards the plaintiff. It may possibly be that each is responsible to the plaintiff to the full amount of this entire judgment—leaving the question of contribution to be settled between them, or they may show that the measure of recovery is different on a trial of the whole case; but, as the plaintiff states his case, Stanford is either liable for the judgment, or not at all.

We cannot settle these questions, as, besides their difficulty, a case of great importance is now pending before us, in which they are directly presented; and it is not at all necessary to a decision of this case that we should now decide them.

This appeal is taken by Stanford alone, and it is enough to pass upon his case.

The ground here taken was not taken by demurrer. But this was not necessary; for, in an equity case, when the plaintiff's case as made by his bill, shows that he has no title to the relief, this is an incurable infirmity which follows the case everywhere, and no decree can be affirmed which is shown by the bill to be erroneous in substance.

The decree below, so far as it affects the interest of Stanford, is reversed, and the bill, as to him, dismissed.