# TREASURER v. THE COMMERCIAL COAL MINING CO.

THE general rule, that a Court of Equity would not enforce a specific performance of an agreement for the transfer of stock, applied particularly to public stocks, such as are commonly bought and sold in the market, and where exact compensation in damages could be awarded by a Court of Law.

Where stock is of a peculiar and uncertain value, and where compensation in damages will not afford a party a full and adequate remedy, a Court of Equity will decree a specific performance.

In this State, Courts of Equity will decree a specific performance of contracts for the transfer of mining stocks, owing to their fluctuating and uncertain value in market, and the difficulty of substantiating by competent evidence what would be a proper measure of damages.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The facts are stated in the opinion of the Court.

*M. G. Cobb,* for Appellant.

The true rule in equity is, that specific performance of an agreement relating to chattels, ought to be decreed, where equity and conscience require it, and where the remedy by action at law for damages would be inadequate, and no competent or just relief could be otherwise afforded. (2 Kent's Com. 9th Ed. 661 ; Mitford's Ch. Pl. 6th Am. Ed. 140, note *g.*) The bill in this case, however, may well be sustained on the ground of trust. (*Mech. Bank of Alexandria* v. *Seton,* 1 Peters, 203.)

*Hall & Scaniker,* for Respondents.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action in the nature of a suit in equity, to compel the defendants, a corporation, to issue to the plaintiff a certificate of forty-six shares of the capital stock of the company. The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The Court sustained the demurrer, and rendered a final judgment for the defendants, from which the plaintiff appeals.

The complaint avers, that the plaintiff, with others, located and took up a coal mining claim ; that his colocators, with others, formed the corporation defendants, for the purpose of mining for coal, with 2,500 shares of capital stock ; that plaintiff and his colocators, delivered the possession of their claim to the corporation, who took possession, and have ever since held possession ; that in consideration thereof, the defendants agreed to issue to the plaintiff the one-sixth of the capital stock, after deducting his share of the debts then existing against the original locators, and the expenses of organizing the corporation ; that one hundred and sixty-two and two-thirds shares were used to pay his share of said debts ; that they have

delivered to him two hundred and eight shares, leaving forty-six still due to him; that he demanded the stock, and they have refused to issue it.    An amendment to the complaint sets forth the names of the trustees of the corporation, and prays that they be compelled to issue the stock, and for general relief.

The general rule is, that a specific performance will not be enforced of an agreement for the transfer of stock, on the principle that damages are a sufficient satisfaction.    (Fry on Spec. Per. Sec. 24.)    This rule applies more particularly to public stocks, such as are commonly bought and sold in the market; and it has been held not to apply to railway shares and investments of that description, where the shares are limited in number and cannot always be had in the market.    (*Duncuft* v. *Albrecht*, 12 Simons, 189.)    In which case it was also held that a parol agreement for the sale of such shares was binding, and that the contract was not within the Statute of Frauds.    (*Humble* v. *Mitchell*, 2 Rail. Cases, 70.)    So a bill to compel a specific delivery of certificates of shares of stock has been sustained.    (*Doloret* v. *Rothchild*, 1 Sim. & Stuart, 590 ; *Chater* v. *San Francisco S. R. Co.*, 19 Cal. 200.)    So of a bill to compel a transfer of York Buildings stock.    (*Colt* v. *Nettewill*, 2 P. Wm. 304.) Justice Story, in his work on Equity Jurisprudence (Vol. 2, Sec. 717), speaks thus upon this subject: "And the true reason why a contract for stock is not now specifically decreed, is, that it is ordinarily capable of an exact compensation.    But cases of a peculiar stock may easily be supposed, where Courts of Equity might still feel themselves bound to decree a specific performance, upon the ground that from its nature it has a peculiar value, and is incapable of compensation by damages.    Indeed, it has been thought, that on contracts for stock a bill ought now to be maintainable generally in equity for a specific delivery thereof, upon the ground that a Court of Law cannot give the property, but can only give a remedy in damages, the beneficial effect of which must depend upon the personal responsibility of the party."    And it seems to be well settled, that where compensation in damages will not afford the party a full, complete, and adequate remedy, a specific performance will be decreed.    (*Clark* v. *Flint*, 22 Pick. 231 ; *The Mech. Bank* v. *Seton*, 1 Peters, 299 ; *Lady Arundell* v. *Phipps*, 10 Vesey, 148 ;

*Buxton* v. *Lister*, 3 Atkyns, 383 ; *Cowles* v. *Whitman*, 10 Conn. 121.) Courts of Equity have never hesitated to compel a transfer of stock held by a person in trust for another. (*The Mech. Bank* v. *Seton*, 1 Peters, 299 ; *Cowles* v. *Whitman*, 10 Conn. 121.) In the peculiar condition of business and mining operations in this State, where numerous mining and other corporations are in existence, whose stock is often of fluctuating and uncertain value, and where certain kinds of stocks have a peculiar value to those acquainted with their affairs, where the market value of stocks, if any they have, is often difficult to substantiate by competent evidence, and where the risk of the personal responsibility of individuals and corporations is so great, Courts should be liberal in extending the full, adequate, and complete relief afforded by a decree of specific performance. In the view we have thus taken of the principles which should govern cases of this kind, the action of the Court below was erroneous.

The judgment is therefore reversed, and the defendant is directed to answer the complaint within ten days after notice of the filing of the *remittitur* in the Court below.