M. S. SENTER, Respondent, v. L. P. DAVIS, Appellant.

Jurisdiction—Specific Performance.—The jurisdiction of a Court of Equity
to decree specific performance does not turn at all upon the question whether
the contract relates to real or personal property, but upon the question whether
the breach admits of adequate compensation in damages.

Idem.—If damages at law will be adequate compensation for the breach, specific
performance will not be decreed.

Idem.—If non-performance will embarrass the plaintiff in his business plans, or
involve him in loss which a jury cannot estimate with any degree of certainty,
specific performance should be decreed.

Idem in Respect to Sales of Personal Property.—The general rule is, that
specific performance of contracts for the sale of personal property will not be
decreed; yet, if the thing bargained for is of unusual distinction or curiosity, or
is so related to the business of the plaintiff that non-performance will embarrass
or impede him in his business, threatening a loss of profits which a jury cannot
correctly estimate, or the like, specific performance will be granted.

Idem.—A party seeking specific performance of contracts for the sale of personal
property must state, in his complaint, the peculiar facts upon which he relies as
taking his case out of the general rule that specific performance will not be
decreed in relation to such contracts.

Idem.—D. being the owner of the right or privilege to deliver a newspaper to
subscribers within a certain district, sold to S., at a price agreed upon, to be
thereafter paid, and when paid, D. was to give a bill of sale. S. took possession,
and paid part of the purchase money, when D. turned him out. S. then sued
for specific performance; but no further facts being stated showing why damages
would not be full compensation, specific performance was denied.

Idem.—A party who relies upon an exception to a general rule, must state the facts
which bring his case within it.

Appeal from the District Court of the Sixth District, Sacramento County.

The defendant appealed.

The facts are stated by the Court.

*Haymond & Stratton,* for Appellant.

The complaint does not sustain the judgment. The question of jurisdiction depends upon the case made by the complaint; if it fails to show that the plaintiff has no adequate remedy at law, the jurisdiction fails. (*Ridgeway* v. *Toran,* 1 Md. Ch. Decis. 303.)

If the contract be for the sale of personal property, it must appear from the complaint why the remedy at law is inadequate. (3 Parsons on Con. 366; *Zooley* v. *Budd,* 14 Beav. 44; Adams' Equity, 57; Story's Eq. Sec. 717; *Penn Coal Co.* v. *D. & H. Canal Co.* 31 N. Y. 98; *Philips* v. *Berger,* 8 Barb. 527; 2 Barb. 608; *Savery* v. *Spence,* 13 Ala. 561; *Roundtree* v. *McLain,* 1 Hemp. 245; *Justices* v. *Croft,* 18 Geo. 473; *Williams* v. *Noiseux,* 43 N. H. 388; *Waters* v. *Howard,* 1 Md. Ch. Cases, 112; *McClane* v. *White,* 5 Minn. 178; *Duff* v. *Fisher,* 15 Cal. 381; Adams' Equity, 237.)

*Beatty & Denson,* and *Daniel J. Thomas,* for Respondent.

Equity had jurisdiction. Justice between the parties could not be done without either a specific performance of the contract or a cancellation of the note. Neither of these remedies could be given at law.

Besides, modern equity takes cognizance of many matters that could not be thus reached in ancient chancery. (*Dougherty* v. *Creary,* 30 Cal. 297.) The cases where a delivery of stock is compelled, instead of money damages for its withholding, are almost innumerable.

The equity that enforces a specific performance does not arise from the character of the property, as being real or personal. (*Duff* v. *Fisher,* 15 Cal. 381.) And "it seemed to be well settled that where compensation in damages will not afford the party a full, complete and adequate relief, a

specific performance will be decreed." (*Trustee* v. *Commercial Coal Mining Co.* 23 Cal. 392, citing 22 Pick. 231; 1 Peters, 299; 10 Vesey, 148; 3 Atkyns, 383, and 10 Conn. 121.)

Equity will interpose if the damages, when recovered at law, would not afford a complete and adequate remedy. (2 Story's Eq. Jur. Sec. 717; *McLaughlin* v. *Platti,* 27 Cal. 463; *Hager* v. *Shindler,* 29 *Id.* 55.)

SANDERSON, J., delivered the opinion of the Court :

The complaint seems to have been framed with a view to alternate relief—specific performance, if by the rules of equity the plaintiff is entitled thereto, and if not, damages at law for a breach of the contract. The Court below was of the opinion that the plaintiff was entitled to specific performance, and rendered judgment accordingly. The case comes here upon the judgment roll, without testimony or findings of fact, and the only point made by the defendant is, that the case made by the complaint does not entitle the plaintiffs to the relief which he has obtained.

The plaintiff is a newspaper carrier, and he alleges that it is a general custom in the newspaper trade for the publishers and proprietors of a newspaper to sell what is called "routes" —that is to say, the exclusive privilege of furnishing or delivering the paper to all of its subscribers residing within a certain designated district ; that the carrier receives the paper at the counter of the publishers at an agreed price, and delivers them to the subscribers at a higher price, which is also fixed by the proprietors of the paper, which is denominated the subscription price ; that by the custom aforesaid, such routes are regarded as the separate and exclusive property of the carriers, subject to sale and transfer by the carriers at their pleasure, *provided the route is well cared for, and the transfer is not made to a person who is objectionable to the proprietors of the paper;* that, some twelve years ago, a newspaper called the *Daily Bee* was established, and is still published in the City of Sacramento ; that in accordance with said custom, the proprietors divided the city into convenient *routes,* and sold them to the then newspaper carriers

of said city; that among said routes was one known as the
"J street route," which, some time prior to the 18th of April,
1867, had come into the ownership and possession of the
defendant; and that on that day the plaintiff contracted with
the defendant for the purchase of said J street route, and
the defendant agreed to sell it for the sum of $1,500; that
he was let into possession under this contract, and was to
have a bill of sale of the route upon the payment of the
purchase money, according to the terms of the contract.

The complaint then proceeds to detail the terms of the
agreement, and some changes made by consent as to time of
performance on the part of the plaintiff, alleging a part per-
formance, and an offer to perform the rest, with the breach
on the part of the defendant, none of which facts, however,
are material to the present purpose. Than what has been
stated, nothing more is said which illustrates or tends to illus-
trate the question whether damages at law would not prove,
in all respects, full compensation for the wrong alleged to
have been committed by the defendant in turning the plain-
tiff out of the J street route, and refusing to give him a bill
of sale, according to the terms of the contract.

The jurisdiction of a Court of Equity to decree specific
performance, does not turn at all upon the question whether
the contract relates to real or personal property, but alto-
gether upon the question whether the breach complained of
can be adequately compensated in damages. If it can, the
plaintiff's remedy is at law only; if not, he may go into a
Court of Equity, which will grant full redress by compelling
specific performance on the part of the defendant. Accord-
ingly, while it is a general rule that contracts for the sale and
transfer of personal property will not be specifically enforced,
yet, if there are circumstances in view of which a judgment
for damages would fall short of the redress which the plain-
tiff's situation demands, as that by non-performance he will
be greatly embarrassed and impeded in his business plans,
or involved in a loss of profits which a jury cannot estimate
with any degree of certainty, equity will decree specific per-
formance. (*Duff* v. *Fisher,* 15 Cal. 375; *Treasurer* v. *The*

*Commercial Coal Mining Company,* 22 *Id.* 390; *McLaughlin* v. *Piatti,* 27 *Id.* 463.)

That such is the law is not denied by either side, but it is insisted that the plaintiff has failed to state any peculiar facts from which the Court can draw the conclusion that a judgment for damages will not afford him all the relief to which he is entitled; not only that, but that he has failed to aver, even generally, that he has no adequate remedy at law; that while the Court may speculate upon the matter and conjecture and infer a variety of circumstances which would bring the case within the exception to the rule, as above stated, yet the Court cannot thus eke the case made by the complaint, for that would be to make a case first and then decide it.

We think this point well taken. The general rule being that specific performance will not be decreed in this class of contracts, it devolves upon the plaintiff to state, not his contract merely, but its relation to his business plans, showing how they will be affected by a non-performance, or how and why the value of the performance cannot be correctly estimated by a jury and taken in lieu of it, or the like; or, in other words, he who relies upon an exception must state the facts which bring his case within it.

Instead of adopting such a course, however, the plaintiff has content himself with averring in effect only that, on a certain day, the defendant, by reason of a certain custom among newspapers, and by purchase, had come into the ownership of the exclusive right or privilege to deliver the *Daily Bee* to subscribers residing on the "J street route," and on that day agreed to sell the right to him for the sum of $1,500, to be paid in instalments—a bill of sale to be given when the purchase money should be paid. In view of these facts only, we are unable to perceive how it can be affirmed that, by reason of the non-performance of the contract, the plaintiff will be injured beyond the power of a Court of law to afford him redress. In view of these facts only, we cannot say, in the language of Mr. Justice Shafter, in *McLaughlin* v. *Piatti (supra),* "that the thing bargained for is of unusual distinction or curiosity, or that it is so related to the situa-

tion and business arrangements of the plaintiff that the non-fulfillment of the contract will greatly embarrass and impede him in his plans and prospects—threatening or involving a loss of profits, which a jury cannot correctly estimate, or the like."

This right may have a certain and fixed value in market, for aught that appears. It is stated to have been repeatedly bought and sold. If it has, as in the case of public stocks, there can be no difficulty upon the question of damages which a jury cannot overcome. On the other hand, it may be that the subject-matter of the contract is so related to the business plans of the plaintiff, that a non-fulfillment of the contract may result in losses exceeding the mere market value of the right or privilege; but if so, the facts from which such a result may be deduced are not stated, nor is there a general averment, if such an averment could be allowed, that such will be the result. Further, it may be that the privilege has no market value; that the circulation of the *Daily Bee* on the "J street route" is so uncertain and fluctuating that the profits cannot be correctly estimated by a jury; but if so, the facts showing such to be the case are not stated. There may be other grounds, in view of which the plaintiff would be entitled to specific performance; but if so, they have been neither specially nor generally alleged.

We add, in conclusion, that Courts of Equity do not decree specific performance as an idle ceremony, and should the plaintiff further prosecute this case with a view to that remedy, it may be important to allege that the sale of the right in question has the sanction of the proprietors of the *Daily Bee*, which, according to the complaint as it now stands, does not affirmatively appear. According to the custom, upon which the title of the plaintiff to the right in question is founded—as it is set out in the complaint—the title cannot be transferred so as to conclude the right of the proprietors to control the distribution of their paper; and, if that be so, a specific performance of the contract of sale might result in no benefit to the plaintiff, unless it has their sanction.

Judgment reversed, and cause remanded.