[No. 11757.   Department One. — August 30, 1890.]

85  385
88  447

# A. W. MOULTON ET AL., RESPONDENTS, *v.* SEWELL KNAPP ET AL., APPELLANTS.

INJUNCTION — RESTRAINING EXECUTION SALE — VIOLATION OF AGREEMENT — REMEDY BY MOTION — LACHES. — An action will not lie to enjoin the selling of property levied upon under execution and to compel the carrying out of a verbal agreement to stay execution for a year, in consideration of a confession of judgment, where it appears that the plaintiffs were guilty of laches in not taking advantage of their adequate and speedy legal remedy by a motion to set aside the execution that had been levied, and to stay all other process until the expiration of the year agreed upon.

EQUITY — REMEDY AT LAW. — Where there is an adequate and speedy remedy at law, the injured party is not entitled to the assistance of a court of equity.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting an injunction.

The facts are stated in the opinion.

*E. G. Knapp, Wright & Hazen, Warren Olney,* and *T. Z. Blakeman,* for Appellants.

*L. J. Maddox, Turner & Maddox,* and *J. H. Budd,* for Respondents.

FOOTE, C. — A. W. Moulton and four other persons instituted this action for an injunction against Sewell Knapp, E. G. Knapp, and R. B. Purvis. It was alleged, among other things, in the complaint that the plaintiffs were stockholders and directors in a corporation denominated the Oakdale Lumber and Water Company, and that they together owned three fourths of the stock in that company; that the affairs of the corporation were in such a condition as that any suit or action brought against it would necessarily embarrass its interests, as

the corporation was just getting into shape that would make it in a short time a paying institution.

That on the third day of April, 1886, S. Knapp had two notes against plaintiffs, one for about seven thousand five hundred dollars, and the other for about one thousand dollars; that upon the day above mentioned he commenced an action against the makers of those notes, the plaintiffs here, to recover what he claimed was due him; that about two days after this he went to these plaintiffs, and informed them that he had brought the suit, that he did not wish to annoy them, but wanted to be secured in the payment of his claims, that if they would waive all defense to the notes, and acknowledge themselves jointly and severally indebted to him on these instruments, and authorize the clerk of the court where the action was pending to enter up immediate judgment in favor of S. Knapp, that he would stay all proceedings thereon and stay execution upon the judgment for the period of twelve months from the date thereof. To this the parties applied to consented, and, in writing, waived all defense, and consented and directed judgment to be entered up as agreed upon. The agreement is in this language:—

"In the Superior Court, state of California, in and for the county of Stanislaus. "Sewell Knapp, plaintiff, against Thomas Roberts, C. H. Head, A. W. Moulton, C. W. Sproul, Abner Potter, *et al.*, defendants. No. 617.

"We, the undersigned, defendants in the above-entitled action, do by these presents acknowledge ourselves jointly and severally indebted and liable to the above-named plaintiff, Sewell Knapp, on the two notes sued upon herein as they are pleaded, and we hereby expressly waive all right of defense herein, and authorize and direct the clerk of said court to enter herein in favor of said S. Knapp, and against us, or against as many of us as subscribe our names hereunto, immediate judgment for the sum of eighty-five hundred ($8,500) dollars prin-

cipal, and $222 interest, all in United States gold coin,—
in all $8,722.

" Dated at Oakdale, April 5, 1886.

" THOMAS ROBERTS.

" A. W. MOULTON.

" C. W. SPROUL.

" A. POTTER.

" C. H. HEAD."

"Attest: H. WOLFE."

It is then alleged that, in violation of the agreement
to stay execution, etc., Knapp induced these plaintiffs to
deposit their certificates of stock in the incorporated
company in a safe in the office of such corporation.

The judgment was duly entered up and recorded by
the clerk of the county, and thereupon became a lien
upon all the real property of the defendants in Stanislaus
County.

That all these facts were fully known both to S. and
E. G. Knapp, the latter of whom was the attorney of the
former.

It is then charged that, in violation of the agreement
for a stay of execution, and in fraud of the plaintiffs'
rights, S. Knapp caused an execution to be issued and
levied upon the certificates of stock in the safe in the
office of the corporation heretofore mentioned, the sheriff,
R. B. Purvis, taking them into his possession, and on
the 14th of April, 1886, posted notices that he would sell
all the right, title, and interest in the shares of stock of
these plaintiffs, the judgment debtors in the execution,
on the 20th of April, 1886.

That after the sheriff thus had taken the certificates
of stock into his possession, S. Knapp promised the
plaintiffs to postpone the sale until they could raise the
money to pay the judgment. That he did not postpone
the sale, but caused the shares of stock to be sold as ad-
vertised, and bought them in for the sum of five hun-
dred dollars, and transferred them to E. G. Knapp, who

now claims them. That all this was done, as the plaintiffs believe, with the knowledge of E. G. Knapp, who is now threatening to take from the plaintiffs all their rights and property in the corporation above mentioned, and cause to be levied other executions upon the individual property of these plaintiffs, and that R. B. Purvis, the sheriff, into whose hands the executions have come, will sell sufficient property, at least, to satisfy the judgment, if not restrained by injunction.

The prayer is, that he may be prevented from selling the property, and that S. Knapp may be compelled to carry out his agreement to stay execution for one year, and that he and E. G. Knapp be compelled to return to plaintiffs the certificates of stock, and that all proceedings subsequent to the judgment rendered against plaintiffs, and in favor of S. Knapp, be declared null and void; and that E. G. Knapp, who is alleged to be insolvent, and threatens to transfer the certificates of stock, be ordered to refrain from so doing, and that all process be recalled, and everything done subsequent to the judgment be declared to have been done in fraud of the plaintiffs' rights, etc.

The action was instituted in the county of Stanislaus, and an order to show cause was also made in the superior court of that county. Pending the hearing of that motion, a temporary restraining order was made, dated the 30th of April, 1886. On the 2d of June of the same year an order changing the place of trial was made.

Demurrers were filed to the complaint, and on the 16th of June the judge of the superior court of San Francisco, to which jurisdiction the cause had been submitted by the change of venue, overruled the demurrers, and granted an order restraining the defendants, from which this appeal is taken.

There is no sufficient reason given why the plaintiffs did not move the court in which the judgment was given and made, and to which they were parties, to recall the

execution, and to make an order which would prevent any further issuance of such process, or the taking of any other step to enforce the judgment, until the expiration of the year agreed on for the stay. If this motion had been entered before the sale under execution, the plaintiffs could have made the same showing of facts that they have done in their complaint. It was said by the appellate court in *Imlay* v. *Carpentier*, 14 Cal. 173: —

"And even where fraud is relied upon as an answer to the motion, the courts are clothed with ample powers to frame issues and to try and determine the same, either with or without the intervention of a jury. A resort to a formal action would seem to be as unnecessary as it would certainly be expensive and dilatory. But even if no such summary relief could be granted as against the judgment, the court is invested with plenary power over the execution, and may set it aside and order a perpetual stay, or make any other order in reference to it required for the protection and preservation of the rights and interests of the respective parties."

And the court held in that case that, as the plaintiff had an adequate and speedy remedy at law, he was not entitled to the assistance of a court of equity.

If the plaintiffs here had made such a showing as would have warranted the trial court, on a motion therefor, to set aside the execution that had been levied, and to stay all other process until the expiration of the year agreed upon, no sale of the stock would have taken place, or anything else been done which would have made the situation of affairs different from the *status* it was agreed they should occupy for that period.

We do not see, after the laches of the plaintiffs in not taking advantage of their adequate and speedy legal remedy by motion as heretofore stated, they can be said to have made in their complaint a sufficient showing to entitle them to the injunction which they obtained. And this view of the matter is, as we think, supported by the

decision of the appellate court in *Ede* v. *Hazen*, 61 Cal. 360, and the cases there cited.

For these reasons, we advise that the order appealed from be reversed.

Vanclief, C., and Gibson, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the order appealed from is reversed.

Works, J., concurring. — I concur in the judgment, but it is unnecessary to decide in this case that the respondents were entitled to have the execution recalled on motion based upon a mere verbal agreement for the extension of time. It is enough to say that they were not entitled to the remedy sought in this action.