JOSEPH P. MANTON *vs.* THOMAS H. RAY.

Equity will decree the specific performance of a contract to convey personal property where like property cannot be obtained elsewhere, or where, for other reasons, an action at law for damages will not afford an adequate remedy.

A bill to enforce a contract for the conveyance of corporate stock, which alleges
that the complainant cannot obtain the stock elsewhere than from the respond-
ent and that the value of the stock is uncertain and not easily ascertainable,
states a case for the equitable relief of specific performance.

The bill must allege that the respondent is the owner of the stock agreed to be
conveyed ; but to set out that the respondent "being, or pretending to be,
possessed of, or otherwise entitled to, certain shares of stock," does not amount
to an averment of ownership, and renders the bill demurrable.

BILL IN EQUITY for specific performance.    On demurrer to
the bill.

*July* 26, 1894.    STINESS, J.    This is a bill for the specific
performance of a contract to convey twenty-five shares of the
capital stock of the Home Investment Company, a corpora-
tion, in exchange for stock owned by complainant in another
corporation.    The bill sets out that the complainant, prior to
June 26, 1893, delivered certificates of the shares he was to
convey, duly issued by the corporation and transferred in blank,
to one Goff, a broker, with instructions to deliver the same to
Ray in exchange for the shares he was to receive pursuant to
the contract ; that on June 26 the respondent met the com-
plainant at Goff's office and promised to exchange the shares
the next day ; that thereupon he made agreements for the
disposal of said stock ; that he cannot obtain the stock of said
Home Investment Company elsewhere than from said Ray ;
that the value of said stock is uncertain and not easily ascer-
tainable, and that the respondent has refused to carry out his
contract.

To these allegations the respondent demurs generally.

The general rule is that a court of equity will not order
the specific performance of a contract for a sale of personal
property because ordinarily there is an adequate remedy at
law.    *Chafee* v. *Sprague*, 16 R. I. 189.    Moreover, as to most
kinds of personal property and many stocks, a similar pur-
chase can be made in the market, so that a bill for specific
performance is needless.    But this rule is neither inflexible
nor without exceptions.    Cases which involve trusts are
recognized exceptions.    *Chafee* v. *Sprague, supra ; Goodwin
Gas Stove & Meter Co.'s Appeal*, 117 Pa. St. 514; *Johnson*
v. *Brooks*, 93 N. Y. 337.    So also in England, Lord Chelms-

ford said in *Cheale* v. *Kenward*, 3 DeG. & J. 27, that it was settled that a bill for specific performance would lie for railway shares which are not always to be had in the market. Another exception is that a bill will lie where the loss cannot be adequately compensated by damages in an action at law. *Bumgardner* v. *Leavitt*, 35 W. Va. 194; *Johnson* v. *Brooks*, 93 N. Y. 337; *Treasurer* v. *Commercial Coal Mining Company*, 23 Cal. 390; *Eckstein* v. *Downing*, 64 N. H. 248; *White* v. *Schuyler*, 1 Abb. Pr. N. S. 300; 31 How. Pr. 38; *Todd* v. *Taft*, 7 Allen, 371; Story, Equity Jurisprudence, (12th ed.) § 717; 1 Cook on Stock and Stockholders and Corporation Law, (3d ed.) §§ 337, 338. Indeed, the rule of law, as claimed by the respondent, is not substantially different from that embodied in the above exceptions, but he claims that the bill does not show a case which falls within these recognized exceptions, for the following reasons: 1st—The bill does not allege that the stock was not on the market for sale at the time of making the contract or since. 2d—It does not aver that the complainant has made any effort to obtain other stocks of the Home Investment Company. This is so, and yet we think the complainant presents a traversable averment which covers these points by saying that he cannot obtain the stock elsewhere than of the respondent. 3d—The bill shows no necessity for the complainant to resort to this court rather than to a court of law. The allegation that the value of the stock is uncertain and not easily ascertainable brings the case within the class of exceptional cases where there is not an adequate remedy at law. The true standing of a corporation is seldom known outside of its own officers. A stranger would, in most cases, find it difficult, if not impossible, to prove the real value of its stock, unless it is one that is rated and for sale in the market. He has no access to its books; he cannot know its assets and liabilities; and, although he is willing to take the stock for a price, he might be quite unable to prove that it was worth that or any other price. No one can say that the remedy of damages in such a case is an adequate remedy. But there is a stronger reason for sustaining the bill. If it be assumed that the stock can-

not be obtained elsewhere than of the respondent, and that he has made a valid contract for this particular stock, it is also to be assumed that he wants this stock *in specie.* To deny this remedy would be to deny him the substantial benefit of his contract. This fact marks the exception to the general rule, which is based upon the fact that like property may be obtained elsewhere, and so the remedy is not needed. Story, Equity Jurisprudence, (12th ed.) § 716.

The fourth ground urged in support of the demurrer is that it does not aver that the respondent had the stock at the time of the contract. We think the bill is faulty in this respect. Of course a court cannot order one to transfer stock which he does not have. If one has agreed to do this, the only remedy is upon the contract, for a court of equity would be powerless to do more. The averment is that the respondent, "being, or pretending to be, possessed of or otherwise entitled to certain shares of stock." We do not think this amounts to an averment of ownership, and to this extent, therefore, the demurrer to the bill is sustained.

*Clarke H. Johnson,* for complainant.

*Charles A. Wilson & Thomas A. Jenckes,* for respondent.