[No. 15972.   Department Two.—December 31, 1895.]

CHARLES KROUSE, RESPONDENT, v. JOHN A. WOODWARD, APPELLANT.

CORPORATIONS—PLEDGE OF STOCK—SPECIFIC PERFORMANCE.—The pledgor of shares of stock in a corporation is entitled to a specific performance of the contract for return of the stock, upon payment or tender of the amount of the indebtedness to secure which it was pledged, if it appears that the stock has no market or ascertainable value, and that the pledgor purchased it for investment with a view to anticipated increase in value, and that he cannot purchase other shares in the corporation for the reason that no holder will sell them.

ID.—TRANSFER OF CERTIFICATE BY PLEDGEE — BONA FIDE PURCHASER — LIABILITY OF PLEDGEE.— Where there is no difference in the value of the shares, and the certificate of stock pledged has been conveyed by the pledgee to a *bona fide* purchaser for value, the court may compel the pledgee to convey stock owned by him in lieu of the certificate received from the pledgor.

ID.—PLEDGE FOR PURCHASE MONEY BORROWED.—The right of the pledgor to redeem the pledge, and insist upon the return of the shares of stock pledged, is not affected by the fact that he borrowed from the pledgee the money with which he purchased the stock.

APPEAL from a judgment of the Superior Court of Santa Clara County.   W. G. LORIGAN, Judge.

The facts are stated in the opinion of the court.

*Jackson Hatch*, *E. M. Rosenthal*, and *S. F. Lieb*, for Appellants John A. Woodward and W. I. Alexander.

The jurisdiction of a court of equity to decree specific performance depends upon the question whether the breach complained of can be adequately compensated in damages or not.   (*Senter* v. *Davis*, 38 Cal. 453; *Leach* v. *Day*, 27 Cal. 643.)   Generally speaking, a bill in equity to redeem will not lie on behalf of the pledgor or his representatives, as his remedy is at law upon a tender of the money.   (*Doak* v. *Bank of State*, 6 Ired. 319; Jones on Pledges, sec. 556; *Genet* v. *Howland*, 45 Barb. 560; *Durant* v. *Einstein*, 35 How. Pr. 223, and other cases cited in Jones on Pledges, sec. 556; Edwards on Bailments, 3d ed., sec. 314; *Angus* v. *Robinson*, 62 Vt. 60.)   Krouse, by his own conduct in delivering certificate No. 7, in-

dorsed in blank to Woodward, and thereby enabling the latter to sell the same, was estopped from making any claim against an innocent purchaser of the stock. (*Brewster* v. *Sime*, 42 Cal. 139, and cases there cited; *Woodsum* v. *Cole*, 69 Cal. 144.) The lower court exceeded its jurisdiction in requiring Woodward to replace out of his own stock the stock which he sold to Alexander. (*Ferguson* v. *Wilson*, 2 L. R. Ch. App. 87.) Full provision is made by our Civil Code for the relief which may be granted in given cases by the courts of this state. As the code does not specify the relief granted by the lower court, it was error to grant it. (Civ. Code, secs. 20, 3274–3423.) The value of the property could easily have been ascertained by proper evidence. (*Brinkerhoff etc. Co.* v. *Home Lumber Co.*, 118 Mo. 447.)

*W. C. Kennedy*, and *Wilcox & Patton*, for Respondent.

Whenever a pledgee has assigned the pledge without the consent of the owner, the pledgor has the right in equity to demand the replacing of the stock in his hands, if the pledgee has equivalent stock. (*Smith* v. *Quartz Min. Co.*, 14 Cal. 242; *Treasurer* v. *Mining Co.*, 23 Cal. 390; *Hardenbergh* v. *Bacon*, 33 Cal. 356; *Atkins* v. *Gamble*, 42 Cal. 86; 10 Am. Rep. 282; *Thompson* v. *Toland*, 48 Cal. 99; *Hayward* v. *Rogers*, 62 Cal. 372; Cook on Stock and Stockholders, sec. 475; 1 Morawetz on Private Corporations, sec. 219; 1 Pomeroy's Equity Jurisprudence, sec. 164; 3 Pomeroy's Equity Jurisprudence, sec. 1231; 2 Beach on Corporations, sec. 463; *Loughborough* v. *McNevin*, 74 Cal. 250; 5 Am. St. Rep. 435; *Johnson* v. *Brooks*, 93 N. Y. 342; *Adams* v. *Messinger*, 147 Mass. 185; 9 Am. St. Rep. 679; *Draper* v. *Stone*, 71 Me. 175; *Fowle* v. *Ward*, 113 Mass. 548; 18 Am. Rep. 534; *Fay* v. *Gray*, 124 Mass. 500; *Beardsley* v. *Beardsley*, 138 U. S. 262.) The complaint also states that the stock is of uncertain value, unpurchasable in the market, and held for purposes of profit, investment, and speculation. Upon these facts alone plaintiff is entitled to his equitable remedy. (1 Morawetz on Private Corporations,

sec. 218; 2 Beach on Private Corporations, sec. 464; 3 Pomeroy's Equity Jurisprudence, sec. 1402; *Ayer* v. *Seymour*, 5 N. Y. Supp. 651; *Cushman* v. *Thayer Mfg. Co.*, 76 N. Y. 365; 32 Am. Rep. 315.)

TEMPLE, J.—This action was brought to recover from appellant twenty shares of stock in the defendant corporation.   Plaintiff avers ownership of the stock on the twenty-fifth day of August, 1893, represented by certificate No. 7, then issued to him, and that he still owns the same; that the stock is of uncertain value; that the stock of said company has no known or fixed market value, and that plaintiff purchased said stock with a view of retaining the same for purposes of profit, investment, and speculation; that he became indebted to Woodward in the sum of four hundred dollars, for which sum Woodward held his promissory note; that he delivered to said Woodward said certificate as a pledge to secure the payment of said note; that afterward, on January 9, 1894, the note being due, he tendered to Woodward the amount due on said note, and demanded the return of the stock and of said note, both of which demands Woodward refused to comply with; that seven days afterward Woodward pretended to sell said stock to defendant Alexander.   Said pretended sale was without consideration, and was made to deprive plaintiff of his stock; that Alexander had full knowledge of plaintiff's rights, and that the certificate was held by Woodward as a pledge.

It was also charged that Woodward now owns and holds more than twenty shares of the capital stock of the corporate defendant; that said Woodward threatens to sell all of his stock, and, unless enjoined, will do so.

The tender of the money to Woodward was kept good, and plaintiff asked that plaintiff be declared the owner of certificate No. 7, and of said stock, and that said certificate be delivered to him, or, in case this cannot be done, that he recover twenty shares of the same stock now owned by Woodward.

Answers were put in by the defendants, in which prac-
tically all the allegations of the complaint were denied.
The court found the allegations of the complaint stated
above to be true, except that the court found that Alex-
ander purchased the stock from Woodward in good
faith, and for a valuable consideration, to wit, for four
hundred and fifty dollars, then paid by him.    The court
also found that Woodward, although not owning the cer-
tificate of stock, was by the act of the plaintiff clothed
with the apparent ownership, and, inasmuch as Alex-
ander purchased without knowledge of the infirmity of
Woodward's title, he acquired a good title.

The court by its decree required Woodward to convey
to plaintiff twenty shares of the stock which he owned
and held in the same corporation, in lieu of plaintiff's
stock which he had wrongfully sold to defendant Alex-
ander.    From this judgment the defendant Woodward
brings this appeal upon the judgment-roll alone.

1. Appellant's first contention is that plaintiff has an
adequate remedy at law, and is, therefore, not entitled
to equitable relief.

It appears somewhat singular that upon this proposi-
tion the peculiar language of our code has never been
noticed.    As originally enacted, section 3384 of the
Civil Code read as follows:

"Except as otherwise provided in this article, the
specific performance of an obligation may be compelled:
1. When the act to be done is in the performance, wholly
or partly, of an express trust; 2. When the act to be
done is such that pecuniary compensation for its non-
performance would not afford adequate relief; 3. When
it would be extremely difficult to ascertain the actual
damage caused by the nonperformance of the act to be
done; or 4. When it has been expressly agreed, in writ-
ing, between the parties to the contract, that specific
performance thereof may be required by either party,
or that damages shall not be considered adequate relief."

In 1874 this section was amended by striking out all
the subdivisions.    This apparently establishes the rule

that all obligations may be specifically enforced, unless it is otherwise provided in that title, and not that certain specified obligations may be specifically enforced. At the same time section 3385, which provides that where one party was entitled to specific performance the other was also entitled to the remedy, although not within the rule as then established in section 3384, was repealed. Then follow quite a number of instances in which it is expressly provided that specific performance cannot be enforced. It would seem that it was intended to reverse the usual test as to the jurisdiction of a court of equity to enforce specific performance of a contract, and to place the burden upon the party resisting such action to show that the case in hand is within some exception. The subdivisions of section.3384 stricken out contain a concise statement of the jurisdiction of courts of equity as stated in the text-books.

This amendment was made in 1874, and there are numerous cases since in which it has been assumed that the rule was as established by the decisions of courts of equity. It is not necessary here to determine whether the jurisdiction of courts of equity have been enlarged by this change in the law. Appellant claims that such jurisdiction has been narrowed by the code, because section 3366 limits the relief to the cases specified in title III. But section 3384 is a later section, and reverses the rule stated in section 3366; or it may be regarded as itself a specification under section 3366. At all events, there is no ground to claim that the power of the court to enforce specific performance has been narrowed by the Civil Code.

Without appealing to the code to show a change in the rules of equity upon the subject of specific performance, there can be no doubt of the right of the plaintiff.

The specific circumstances which authorize the court to give this relief are: 1. That the stock has no market or ascertainable value; and 2. Plaintiff purchased the. stock for an investment—in other words, with a view to anticipated increase in value; and 3. That he cannot

purchase other shares in the corporation, because no holder will sell any.

In *Senter* v. *Davis*, 38 Cal. 450, the matter was discussed, and the reasoning found there fully sustains this view. In that case, however, relief was denied because it did not appear that the property had no market value.

The matter is elaborately considered in *Cushman* v. *Thayer Mfg. Co.*, 76 N. Y. 365, 32 Am. Rep. 315, where numerous authorities are cited. (See, also, *Johnson* v. *Brooks*, 93 N. Y. 342; *Adams* v. *Messinger*, 147 Mass. 185; 9 Am. St. Rep. 679.)

2. It is further contended that the court could not compel Woodward to convey his own stock in lieu of the certificate which he received from plaintiff.

The property assigned to Woodward was twenty shares of stock. There was no difference in the shares. In *Atkins* v. *Gamble*, 42 Cal. 86, 10 Am. Rep. 282, it was held that under precisely the same circumstances, the only right which the bailor had was to recover the precise number of shares. He cannot insist upon a return of the identical stock, for it is a matter of no consequence. There can be no *pretium affectionis* for the certificate.

The same rule must prevail here. Appellant has no cause to complain.

The propriety of the action of the court is, however, fully sustained by authority. (*Cushman* v. *Thayer Mfg. Co., supra;* 1 Morawetz on Private Corporations, sec. 219; 1 Pomeroy's Equity Jurisprudence, sec. 164; *Johnson* v. *Brooks*, 93 N. Y. 342.)

I see nothing in the point that plaintiff made no investment because he borrowed from appellant, upon a pledge of this identical stock, the money with which he paid the subscription. He gave his note, and was personally bound for its payment.

The judgment is affirmed.

McFARLAND, J., and HENSHAW, J., concurred.