[No. 39.   First Appellate District.—September 6, 1905.]

## L. M. SHERWOOD et al., Respondents, v. FRANK A. WALLIN, Appellant.

SPECIFIC PERFORMANCE—CONTRACT FOR TRANSFER OF STOCK, BOOKS AND PAPERS—CONTROL OF MINING CORPORATION—PLEADING—INADEQUATE REMEDY AT LAW.—In an action for the specific performance of a contract alleged to have been fully performed on plaintiff's part, to transfer a certain number of shares of stock, and to turn over the books, papers, seals and certificates of a mining corporation, so as to insure to plaintiff the majority of the stock and the control of the corporation, averments in the complaint that the stock, books, papers, etc., have no specific or certain market value, but would be of great value to plaintiff, and that the retention thereof by the defendant and his refusal to perform the contract will work irreparable injury to plaintiff, and that it will be difficult to do justice to plaintiff by an award of pecuniary damages, are sufficient to show that plaintiff has no adequate remedy at law, and a demurrer to the complaint was properly overruled.

ID.—PARTIES—CORPORATION.—The mining corporation is not a necessary party to such action for specific performance.

ID.—SURRENDER OF NUMBERED CERTIFICATE—ISSUANCE OF NEW SHARES TO DEFENDANT—IDENTITY NOT AFFECTED.—Where it was agreed that a certain numbered certificate held by the defendant should be surrendered, and the agreed shares, issued to plaintiff and the remainder to defendant, and upon surrender thereof the whole number

of shares were issued to the defendant, which he retained, and, upon perfecting his appeal, deposited with the clerk, the change in the number of the certificate does not affect the identity of the stock affected by the agreement.

ID.—FORM OF FINDING.—A finding that defendant has not surrendered the agreed numbered certificate to the secretary of the company, so that a specified number of shares should be issued to the defendant, and the remainder to the plaintiff, is not untrue as to the substantive matter found.

ID.—IMMATERIAL ERROR IN FORM OF JUDGMENT.—There was no substantial error in the form of the judgment in requiring the original numbered certificate to be surrendered for cancellation, and that the plaintiff receive the specified number of shares thereof, and that the defendant take the remainder. The real thing ordered is the transfer of the specified number of shares to plaintiff, and such transfer would be a sufficient compliance with the judgment to entitle defendant to a satisfaction thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Edwin L. Forster, for Appellant.

The complaint is insufficient in not setting forth facts showing that plaintiff has no adequate remedy at law. (*Senter* v. *Davis*, 38 Cal. 453; *Branch Turnpike Co.* v. *Yuba County*, 13 Cal. 190; *Barrett* v. *Whitesides*, 13 Cal. 156; *Wolfe* v. *Titus*, 124 Cal. 264, 56 Pac. 1042; *Powell* v. *Central Plank Road Co.*, 24 Ala. 441; *McClane* v. *White*, 5 Minn. 178; *Botsford* v. *Beers*, 11 Conn. 369; *Prewitt* v. *Jenkins*, 1 Blackf. 294; *Noyes* v. *Marsh*, 123 Mass. 286.) The plaintiff not being possessed of the certificate alleged, found, and specified in the judgment, the court erred in enforcing the contract respecting the same. (*Cud* v. *Rutter*, 5 Vin. Abr. 538, 1 P. Wms. 571.)

Purcell Rowe, for Respondents.

The complaint states a cause of action, and shows the inadequacy of the remedy at law. (*Treasurer* v. *Commercial Mining Co.*, 23 Cal. 391; *Frue* v. *Houghton*, 6 Colo. 322; *Byers* v. *Denver etc. Co.*, 13 Colo. 556, 22 Pac. 951; *Goodwin*

*Gas Stove etc. Co.* v. *Appel,* 117 Pa. St. 535, 2 Am. St. Rep. 700, 12 Atl. 736; *Manton* v. *Ray,* 18 R. I. 674, 49 Am. St. Rep. 812, 29 Atl. 998; *Magibben* v. *Perin,* 49 Fed. 187.) The certificate is but evidence. The substance is the stock. The cancellation of certificate No. 7 and the issuance of a new certificate worked no change in the stock itself. (*Hawley* v. *Brumagim,* 33 Cal. 394; *Krouse* v. *Woodward,* 110 Cal. 638, 42 Pac. 1084; *Hayward* v. *Rogers,* 62 Cal. 348; *Craig* v. *Hesperia Land etc. Co.,* 113 Cal. 7, 54 Am. St. Rep. 316, 45 Pac. 10.) The corporation was not a proper party. It is not interested in the transfer of its stock. (*Sayward* v. *Houghton,* 82 Cal. 628, 23 Pac. 120; *King* v. *Barnes,* 109 N. Y. 267, 16 N. E. 332; *Williamson* v. *Krohn,* 66 Fed. 655.)

HALL, J.—Action for the specific performance of a contract in which plaintiffs secured a judgment, and defendant appeals from the judgment on the judgment-roll and a bill of exceptions.

Appellant demurred to the complaint, and now urges that "The demurrer should have been sustained on the ground that the complaint did not state facts sufficient to constitute a cause of action against the defendant, in that it does not state facts showing that the plaintiffs have not a plain, speedy, and adequate remedy at law."

In support of this contention appellant cites us many authorities to the effect that specific performance will not be decreed except where plaintiff has no plain, speedy, and adequate remedy at law. (*Senter* v. *Davis,* 38 Cal. 450; *White* v. *Fratt,* 13 Cal. 521; *Duff* v. *Fisher,* 15 Cal. 375; *Imlay* v. *Carpenter,* 14 Cal. 173; *Moulton* v. *Knapp,* 85 Cal. 385, [24 Pac. 803].)

Conceding the general rule to be as claimed by appellant, we think that plaintiffs, by the allegations of their complaint, brought themselves within the rule.

The complaint is quite long, but in order to understand the question involved we will endeavor to state the salient facts alleged. By way of inducement it is alleged that plaintiffs and one George W. Mann had entered into a contract for the formation and promotion of the Golden Key Mining Company; that it had been agreed that a certificate for 17,500 shares of the stock should be issued to said George W. Mann,

but left in escrow with one of the plaintiffs, L. M. Sherwood, until said Mann should fully perform the things agreed by him to be performed; that said stock (certificate No. 7) was issued and placed in the hands of said Sherwood; that thereafter Mann brought a suit in claim and delivery in the United States circuit court for said stock, and in such suit the United States marshal took possession of said certificate of stock and held the same until given up as thereinafter alleged. It was also alleged that Mann further claimed an interest in five thousand other shares of the stock of said company, which he was to hold and vote at all meetings of the stockholders; that he claimed that the company was indebted to him in a large sum, the amount being unknown to plaintiffs; that said Mann had in his possession the books, papers, records, and seal of said company, and refused to surrender them to the secretary of said company until his demands on plaintiff were satisfied; that plaintiffs denied and contested the claims made by Mann, and asserted that Mann had failed to comply with the terms of the contract between plaintiffs and Mann; that plaintiffs were the owners of said certificate No. 7 after the rights of said Mann were extinguished, and equally interested in the other certificate of stock, etc.

Then follow allegations to the effect that defendant, Wallin, with full knowledge of the matters above recited, agreed with plaintiffs in consideration of 5,000 shares of said 17,500 to be given him, and the consent of plaintiffs to a dismissal of the suit concerning said 17,500 shares, and the consent of plaintiff L. M. Sherwood that the United States marshal deliver said stock to defendant, to effect a settlement with Mann of all things in dispute between plaintiffs and Mann, to secure the dismissal of said suit in the United States court, the surrender to defendant of said stock, the indorsement thereof to defendant by Mann, the execution of an assignment by Mann of all his interest, etc., in and to said company, either as promoter or otherwise, and of all his rights under said contracts with plaintiffs, the delivery by Mann to Wallin of all books, papers, seal, and certificates of said company in hands of Mann.

That immediately upon the completion of the settlement with Mann defendant would immediately surrender said certificate No. 7 for 17,500 shares of said stock to the secretary

of said company for cancellation, and there should be then issued 12,500 shares thereof to plaintiffs and 5,000 shares to defendant in full payment for his services and payments in the settlement with Mann.

That said defendant further agreed that he would turn over to plaintiffs all the said books and papers and documents received from Mann, and would make, execute, and deliver an assignment of all rights, etc., assigned by Mann to him.

Then follow allegations showing the complete settlement with Mann, effected by defendant, a demand by plaintiffs on defendant that he surrender the certificate for 17,500 shares for cancellation, and that he have issued 12,500 thereof to plaintiffs and 5,000 to himself, and that he turn over to plaintiffs the books, papers, and documents received from Mann, and that he execute and deliver to plaintiffs an assignment of all the rights, etc., assigned by Mann to him as in the complaint specified, and the refusal of defendant in all respects to comply with the demand of plaintiffs.

That plaintiffs have fully performed the contract with defendant.

Then follow allegations to the effect that plaintiffs now own 45,000 shares, and with the 12,500 shares agreed to be turned over to plaintiffs they would have a majority of the capital stock of the company; while if defendant be allowed to retain the 17,500 shares of stock he would be able to control a majority of the stock, and will so conduct the affairs of said company as to destroy the value of the stock owned and held by plaintiffs.

"That the stock of said company is of *uncertain value in the market at this time,* but, as plaintiffs are informed and believe, will be of great value if they are enabled to retain their majority of the stock of said company, and the said defendant is not permitted to secure the control of said company.

"That the retention of the control of said stock and the refusal of said defendant to fulfill his said contract will work the said plaintiffs irreparable injury, and that the damage to plaintiff cannot be readily estimated in an award of damages.

"That the agreements, contracts, papers, books and assignments as above specified to be made and turned over to plain-

tiffs by defendant under said contract are of great importance to plaintiffs, but have no *specific* or *certain market value,* and it will be *difficult to do justice by an award of pecuniary damages.*"

The allegations above set forth are sufficient, we think, to show that plaintiffs had no adequate remedy at law. (*Treasurer* v. *Commercial Mining Co.,* 23 Cal. 390; *Senter* v. *Davis,* 38 Cal. 453; *Cushman* v. *Thayer Mfg. Co.,* 76 N. Y. 365, [32 Am. Rep. 315]; *Krouse* v. *Woodward,* 110 Cal. 638, [42 Pac. 1084]; *Mantou* v. *Ray,* 18 R. I. 672, [49 Am. St. Rep. 811, 29 Atl. 998]. Also, though not so directly in point, *Fleishman* v. *Woods,* 135 Cal. 256, [67 Pac. 276].)

Neither was it necessary to join the corporation in the action. (*Sayward* v. *Houghton,* 82 Cal. 628, [23 Pac. 120].)

No error was committed in overruling the demurrer to the complaint.

What we have already said disposes of the point urged that the court erred in finding that the plaintiffs had not a plain, speedy, and adequate remedy at law, as there was sufficient evidence to support the specific allegations above set forth.

It is next urged that the court erred in finding "that defendant had not surrendered certificate No. 7 for cancellation."

In answer to this it is sufficient to say that the finding is: "That he has not surrendered certificate No. 7 for 17,500 shares of the capital stock of the Golden Key Mining Company to the secretary thereof, so that 5,000 shares may be issued to him, and the remainder, 12,500 shares to the plaintiffs." The substantive thing to be done was the turning over of 12,500 shares to the plaintiffs, and there is no pretense either in the answer of defendant or in his evidence that he has done so. On the contrary, his answer was to the effect that he was entitled to retain the 17,500 shares, and his evidence was that he had done so. As appears from a stipulation in the record, defendant, for the purpose of perfecting this appeal under section 943 of the Code of Civil Procedure, has deposited with the clerk of the trial court certificate No. 128, representing 17,500 shares of said stock. The finding in the terms made by the court is strictly true. His evidence shows that he still has the same 17,500 shares, though repre-

sented by another certificate. The change of certificates did not affect the identity of the stock, which was the real thing in controversy. (*Hawley* v. *Brumagim*, 33 Cal. 394; *Krouse* v. *Woodward*, 110 Cal. 638, [42 Pac. 1084]; *Craig* v. *Hesperia Land etc. Co.*, 113 Cal. 7, [54 Am. St. Rep. 316, 45 Pac. 10].)

For the same reasons the court did not err in giving judgment for the surrender of "certificate No. 7 for 17,500 shares of the capital stock of said company, for cancellation, and that the plaintiffs receive 12,500 shares of the same and the defendant take the remainder. 5,000." Looking through the matter of form and to the substance, the real thing thus ordered was the transfer from defendant to plaintiffs of 12,500 shares of said stock; and such a transfer would have been a sufficient compliance with the judgment to entitle defendant to a satisfaction thereof. This court must disregard errors in mere form that do not affect substantial rights of the parties. (Code Civ. Proc., sec. 475.)

The judgment is affirmed.

Cooper, J., and Harrison, P. J., concurred.