WM. NEELY JOHNSON, Appellant, v. JOHN H. RICKETT, Respondent.

Lands held by no other tenure than possession may be the legitimate subjects of control; and sometimes in equity, chattel interests or personal property are made the subject of specific performance.

A contract should be enforced in every case where the subject of it is susceptible of substantial enjoyment; provided always, that the circumstances surrounding and connected with the contract, bring it within the equitable rules which entitle it to the relief sought, and where the remedy at law is uncertain or insufficient.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

The defendant, in 1849, located upon and settled a tract of the public land near the Presidio of San Francisco.

In 1850, he entered into an agreement with one A. M. Van Nostrand and others, by which he sold to them five-sevenths of the right, title and interest, that he had acquired by virtue of such settlement. The plaintiff was the assignee of this agreement.

This action is brought to compel the defendant to execute a deed for the undivided five-sevenths sold by virtue of the original agreement. The Court dismissed the complaint on the ground that no equitable relief could be granted, because neither of the parties had title to the land. Plaintiff appealed.

*E. J. C. Kewen,* and *Magraw & Wills,* for Appellant.

The possession of lands, or a claim of title to real estate, may be the subject of sale and transfer: 3 Scam., 334; 3 Breese, 270; 6 Wend., 648. So also of the improvements: 8 Mo., 865; 10 Ib., 163; 6 Ib., 570; 8 Ib., 308; 2 Gilman, 664.

*George C. Bates* and *G. P. Fobes* for Respondent.
No brief on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

There is no evidence sent up with the record, and it is therefore impossible to decide, whether, upon all the facts, the complainant would be entitled to a decree for specific performance.

The District Judge decided the case, however, upon a ground properly resting on demurrer, or motion to dismiss for want of equity. He came to the conclusion, that as none of the parties have title to the land, no conveyance can be compelled.

But this, I apprehend, in reference to the facts set out in the pleadings, would be narrowing the doctrine of Courts of Equity, more than is warranted by sound authority. There is no pretence on either side that there is title, and indeed the character of the estate, (that of a mere naked possession of public lands,) is set out in the contract upon which the plaintiff relies, and makes part of his bill, and it follows that the only relief he seeks, is consonant with the power of the defendant, that of a conveyance of what the defendant actually has, and nothing more—the enjoyment of the possession of the land according to the true intent and meaning of the contract.

It has frequently been decided, that lands held by no other tenure than possession, may be the legitimate subjects of contract; and in equity, sometimes chattel interests, or personal property, are made the subject of specific performance. I see no reason why a contract should not be enforced, in every case where the subject of it is something susceptible of substantial enjoyment; provided always, that the circumstances surrounding and connected with the contract, bring it within the equitable rules which entitle it to the relief sought, and where the remedy at law is uncertain and insufficient.

Judgment reversed, and cause remanded.