[L. A. No. 976. Department One.—December 28, 1901.]

H. J. FLEISHMAN, Appellant, v. FRED M. WOODS, Respondent.

ACTION TO QUIET TITLE—CROSS-COMPLAINT—SPECIFIC PERFORMANCE OF CONTRACT—PERFORMANCE OF CONDITIONS.—In an action to quiet title to a tract of land, the defendant may, by cross-complaint, enforce specific performance of a contract between the plaintiff and defendant's assignor which provided that, upon performance of conditions specified in regard to setting out trees upon the tract and caring for the same, such assignor should at the end of three years be entitled to a conveyance of a certain number of acres, to be

selected by the plaintiff, and to a transfer of a specified number of shares of a water company named, where the cross-complaint shows that the conditions were fully performed by the defendant and his assignor while in possession of the land.

ID.—STATUTE OF LIMITATIONS—POSSESSION UNDER EXECUTED CONTRACT. —Where it appears that the contract was fully performed within the time limited for its performance, the fact that the time of performance was more than four years prior to the filing of the cross-complaint, for specific performance of the contract, is immaterial, so long as possession was held under the contract.

ID.—RUNNING OF STATUTE—EQUITABLE TITLE—TRUST OF VENDOR FOR VENDEE.—The performance of the conditions gave to the defendant as full an equitable title as if a full money consideration had been paid for the land and water stock; and the statute of limitations does not begin to run against the specific performance by a vendee in possession of a contract of sale fully executed on his part, which makes the vendor a mere trustee of the legal title for the benefit of the vendee.

ID.—SPECIFIC PERFORMANCE OF CONTRACT TO SELECT LAND—CERTAINTY —POWER OF EQUITY.—The remedy of the defendant was not confined to an action for damages for breach of the contract of plaintiff to select and convey the part of the land to be selected by him; and there being no uncertainty as to the manner in which the selection is required to be made, a court of equity has power specifically to enforce the contract, and to compel the selection to be made.

ID.—CONTRACT TO TRANSFER WATER STOCK—PERSONAL PROPERTY—ADEQUATE RELIEF.—The contract to transfer the water stock being essential to the adequate relief of the defendant against the plaintiff, and being a part of the entire consideration of the improvements to be made on the land, the money value of which was not fixed, nor the value of the water stock shown, equity will enforce specific performance of such contract, though it relates to personal property.

ID.—PLEADING—VALUE—SERVICES—ADEQUACY OF CONSIDERATION—FAIRNESS AND JUSTICE OF CONTRACT.—The general rule, that a complaint for specific performance should state the value of the land and the adequacy of the consideration therefor, does not apply to a case where the facts stated show that great labor and skill were to be bestowed for three years upon an entire tract of land, by way of purchase money, for a part thereof, and that the consideration for the promise to convey part of the land was adequate. In such case, equity will not place a money value upon the services which were fully performed, nor upon the land and water stock to be conveyed in consideration thereof; and it is sufficient that it appears, from all the facts stated and proved, that it would be fair and just, and not inequitable, to enforce the contract.

CXXXV. Cal.—17

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

George J. Denis, and Frank W. Burnett, for Appellant.

McNutt & Hannon, for Respondent.

HAYNES, C.—On February 7, 1899, plaintiff brought this action to quiet title to a certain ten-acre tract of land. On March 28, 1899, the defendant filed a cross-complaint asking for the specific performance of a certain contract relating thereto, a copy of which is set forth in the cross-complaint. Said contract is dated January 15, 1892, and was made between the plaintiff and one Griffith, and provides that upon Griffith performing certain conditions set forth therein, in regard to setting out trees thereon and caring for the same, he should, at the end of three years, become entitled to a conveyance of four and one-half acres off the west half of said ten acres, to be selected by the plaintiff, who was also to transfer to Griffith at the same time eighteen shares of the capital stock of the Marengo Water Company, a corporation. Before the expiration of said three years, Griffith assigned said contract to the defendant, Woods. The court found that Griffith and his said assignee fully performed all the conditions of said contract on their part, and rendered judgment as prayed for in the cross-complaint of defendant. From said judgment the plaintiff appeals, upon the judgment-roll alone.

Appellant's contention is, that the cause of action for specific performance set up in the cross-complaint is barred by the statute of limitations, specifying section 337 of the Code of Civil Procedure.

The three years limited for the performance of the contract expired January 15, 1895, and the cross-complaint, demanding a specific performance, by a conveyance of said four and one-half acres, and the transfer of the water stock, was filed March 28, 1899, which was more than four years after performance was due from the plaintiff, and upon that fact appellant's contention is based, that relief under the cross-complaint is barred. But the court found not only that respondent and his assignor performed their contract within the time limited therefor, but

that respondent remained in possession thereafter until June 1, 1896, when appellant took possession and wrongfully ousted respondent, who was the equitable owner of said four and a half acres, while appellant, as trustee for him, held the naked legal title. Until respondent was ousted by appellant, he was the owner and in possession, and if he had remained in possession for five years from and after the completion of his contract, he would have acquired the legal title by adverse possession. His equitable title was as complete as though he had purchased and paid a full money consideration and had been put in possession by his vendor. In such case it is obvious that the vendor is a mere trustee of the legal title for the benefit of the vendee, and no statute of limitations can run in his favor so long as the vendee remains in possession. "The equitable estate of the vendee is alienable, descendible, and devisable in like manner as real estate held by a legal title." (*Lewis* v. *Hawkins*, 23 Wall. 125.) In *Lakin* v. *Sierra Buttes G. M. Co.*, 25 Fed. Rep. 337, it is held that a party who wrongfully obtains the legal title to land which belongs rightfully to another, whether he acts in good faith or not, will be held as a trustee for the equitable owner; and the statute of limitations does not begin to run against a *cestui que trust* in possession until ouster, whether the trust is expressed or implied.

In *Love* v. *Watkins*, 40 Cal. 547, 564,[1] the contention of the appellant in this case is thus disposed of by Mr. Justice Temple: "The plain question is then presented for our consideration, whether a vendee in possession under an executory contract, who has fully performed the agreement on his part, but has not obtained a deed, can compel a specific performance after the lapse of four years from the time he might have demanded a deed, and whether, after that time, he can rely upon his equity, under the contract, to defeat an action for possession on the part of the vendor. If these propositions are answered in the negative, these curious results must follow: that the equitable owner of land is barred of his right, while holding possession according to his right, and without an adverse claim or possession; and a person out of possession acquires title to real estate by the statute of limitations against a person in possession holding adversely."

[1] 6 Am. Rep. 624.

It is no answer to the proposition above quoted to say that in the case at bar appellant is in possession, since he claims the statute began to run in his favor while respondent—the equitable owner—was in possession; for if it *began* to run while he was in possession, his remaining in possession would not interrupt it, and we would have the anomalous result stated in the above quotation. (See, also, *Luco* v. *De Toro,* 91 Cal. 405, and cases there cited.)

It is also contended by appellant that the proper remedy of respondent upon said contract, if suit had been brought in proper time, was an action for damages. His argument is, that as appellant had the right to make the selection of the four and one-half acres out of a specified ten acres, specific performance is not the proper remedy. There is no uncertainty as to the manner in which the selection is required to be made, nor do we see any lack of power in a court of equity to compel the selection to be made. This contention of appellant is sought to be strengthened by reference to the personal property,—the water stock,—which, it is claimed, is not a proper subject of specific performance, and that any action based thereon is barred by the statute of limitations.

In *Johnson* v. *Rickett,* 5 Cal. 218, 220, it is said: "In equity, sometimes chattel interests, or personal property, are made the subject of specific performance. I see no reason why a contract should not be enforced in every case where the subject of it is something susceptible of substantial enjoyment; provided always, that the circumstances surrounding and connected with the contract bring it within the equitable rules which entitle it to the relief sought, and where the remedy at law is uncertain and insufficient."

In *Treasurer* v. *Commercial Coal Mining Co.,* 23 Cal. 391, the court, after stating the general rule that a court of equity will not enforce a specific performance of an agreement for the transfer of stock applies particularly to public stocks, such as are commonly bought and sold in the market, further said: "That where compensation in damages will not afford the party a full, complete, and adequate remedy, a specific performance will be decreed." (See, also, *Senter* v. *Davis,* 38 Cal. 450.)

These cases were decided before the adoption of the Civil Code. Section 3384 of that code now provides: "Except as

otherwise provided in this article, specific performance of an obligation may be compelled.''

Appellant cites section 3387 of the Civil Code in support of his contention that respondent's proper remedy is an action for damages. Said section is as follows: ''It is to be presumed that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation, and that the breach of an agreement to transfer personal property can be thus relieved.''

This provision plainly implies that there are, or may be, agreements for the' transfer of personal property that may be specifically enforced, and that the rule for determining whether they may be so enforced is that which applies to contracts for the transfer of real property,—viz., Is it necessary, in order to give adequate relief? The fact that damages might be recovered does not affect the rule, unless they give adequate relief.

Section 3389 of the Civil Code provides: ''A contract otherwise proper to be specifically enforced may be thus enforced, though a penalty is imposed, or the damages are liquidated for its breach, and the party in default is willing to pay the same.''

That the specific enforcement of the contract to transfer the water stock is essential to the adequate relief of respondent is apparent. It was part of an entire consideration for the improvements to be made upon the land. The money value of these improvements was not fixed by the contract, nor was there any estimate made or price fixed as the value of the land to be conveyed to respondent, nor of the price at which the water stock was to be transferred, nor is it shown that the stock has any market value.

Appellant's concluding point is, that his demurrer to respondent's cross-complaint should have been sustained, on the ground that it contained no allegation of the value of the land, or that the consideration was adequate, citing section 3391 of the Civil Code, and *Windsor* v. *Miner*, 124 Cal. 492.

Whatever may be the true rule of pleading in cases for the specific performance of executory contracts, such as that of *Windsor* v. *Miner*, 124 Cal. 492, where the party seeking specific performance has parted with nothing, but offers to make payment to the other party according to his contract, and seeks to compel him to convey the land which was the subject

of it, the rule there laid down, we think, can have no just application in the case at bar. In *Windsor* v. *Miner,* 124 Cal. 492, the plaintiff leased from the defendant certain land, with an option to purchase the same, or any part of it, at the price of one hundred dollars per acre. The plaintiff concluded to purchase about one fourth of the leased land, and tendered to defendant the purchase price of one hundred dollars per acre for the part selected. The defendant refused to accept the money or to convey, and plaintiff brought suit to compel specific performance. If the defendant in that case had accepted the money and then refused to convey, we think it would not have been held that it was necessary for the plaintiff to allege that the price paid and received was an adequate consideration for the promise to convey. In the case at bar appellant not only entered into the contract set out in the cross-complaint, but for three years stood by and saw respondent bestow his labor and skill in the cultivation of the ten acres mentioned in the contract, and after full performance of the contract by respondent, and without any offer of compensation for his services, brought suit to quiet title against the contract which respondent had fully performed. Respondent answered, and, having set out the contract in full, for affirmative relief, asked that plaintiff be compelled to convey the four and one-half acres of land and transfer the water stock as required by his contract. The facts thus set out show that the consideration for appellant's promise is adequate; that it is a case in which a court of equity will not undertake to place a money value upon the land and stock, upon the one side, nor upon the personal services of respondent, upon the other, but will presume "that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation," (Civ. Code, sec. 3387,) especially in a case such as this, where the contract has been fully performed on the part of the cross-complainant (the respondent here), by three years' labor under the observation of appellant, without objection from him that the consideration was inadequate, or that it was, as to him, not just or reasonable.

In *Stiles* v. *Cain,* 134 Cal. 170, it is said: "The case cited (*Bruck* v. *Tucker,* 42 Cal. 346) also holds that the party seeking such relief must show, both by averment and proof, that the contract is, as to the defendant, fair and just. That the

evidence must show such a case cannot be doubted, and this case distinctly holds that what must be proven on that subject must be averred. This does not mean that it must be alleged *in hæc verba* that the contract was supported by an adequate consideration, and is, as to the defendant, fair and just. These might be held insufficient, but the fact that the contract is such as will satisfy the conscience of the chancellor, in the respects mentioned, must appear from a proper statement of facts."

In *Prince* v. *Lamb,* 128 Cal. 120, 128, after quoting subdivisions 1 and 2 of section 3391 of the Civil Code, it is said: "He who seeks the specific performance of a contract must show in his complaint that such contract is not obnoxious to the foregoing inhibition of the Civil Code. In *Agard* v. *Valencia,* 39 Cal. 292, it is said, 'the court will not lend its aid to enforce a contract which is in any respect unfair or savors of oppression, but in such cases will leave the party to his remedy at law. It is incumbent, therefore, to state such facts as will enable the court to decide whether the contract is of such a character that it would not be inequitable to enforce it.' "

In *Arguello* v. *Bours,* 67 Cal. 447, Mr. Justice McKinstry said: "In view of the intimation in *Bruck* v. *Tucker,* 42 Cal. 346, it will always be safer to aver that the price paid was a just and fair price and the full value of the premises,"—and in this suggestion we concur.

The contract, which was set out in full in the cross-complaint, required respondent to remove the oak-trees by grubbing them out with the roots; to plow, grade, and cultivate and prepare the land in a suitable manner for setting out trees and the successful irrigation of the same, to furnish the stock, and to set the ten acres in a designated variety of orange-trees, set in rows twenty feet apart; to cultivate, irrigate, prune, and care for the trees in a proper manner for three years; that if any of the trees should die or be destroyed, they were to be replaced with trees of the same age and variety, and he was also to erect a fence on the north, west, and south sides of the ten acres. The contract also discloses that appellant owned ten acres adjoining said land on the east, which were cultivated in oranges of another variety, and hence it would appear that he was familiar with the work to be done under the contract.

This contract, the court found, was fully executed by re-

spondent, and, with the allegations of the complaint, stated "such.facts as will enable the court to decide whether the contract is of such a character that it would not be inequitable to enforce it." (*Agard* v. *Valencia,* 39 Cal. 292, cited in *Prince* v. *Lamb,* 128 Cal. 128.)

I advise that the judgment be affirmed.

Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Garoutte, J., Van Dyke, J.