[L. A. No. 3246.  In Bank.—January 14, 1913.]

JOHN H. HOBBS, Appellant, v. TOM REED GOLD MINING COMPANY (a Corporation), et al., Respondents.

CORPORATION AGENT AND TRUSTEE FOR STOCKHOLDERS—DIRECTORS AS TRUSTEES.—A corporation is the agent and trustee of its stockholders, in their behalf and for their use and benefit holding, controlling, and managing the corporate property and business. The directors are the trustees for the stockholders and also for the corporation.

MANDAMUS—OPERATION OF PERSONAL WRITS—TERRITORIAL LIMITATIONS. Personal writs cannot run to persons who are not present in the state, and they cannot be enforced upon real property beyond its limits. The writ of mandate cannot be invoked to compel perform-

ance of an act which cannot be performed within this state but must be done, if at all, at some place in another state.

ID.—FOREIGN MINING CORPORATION—STOCKHOLDER'S RIGHT TO INSPECT—MANDAMUS TO ENFORCE RIGHT—ORDER BY DIRECTORS TO PERMIT INSPECTION.—The courts of this state have power to issue a writ of mandate, at the instance of a stockholder in a mining corporation organized under the laws of a foreign state, and whose mining property was there situated, but which had its principal place of business, and all of whose directors resided, in this state, commanding the directors to make and deliver to such stockholder an order to the persons in charge of the mine, instructing them to permit the stockholder to enter and examine the same. Ample power to compel obedience to such writ is conferred by section 1097 of the Code of Civil Procedure, although, doubtless the power would exist in the absence of such express grant.

ID.—RIGHT OF VISITATION AND INSPECTION.—A stockholder of a mining corporation has the right to visit and inspect the mines of the company, both at common law, and by virtue of section 589 of the Civil Code.

ID.—MANDAMUS TO ENFORCE RIGHT—RIGHT AT COMMON LAW AND UNDER STATUTE.—Where such right of visitation and inspection is given by statute, the rule is that, unless the statute imposes restrictions or limitations, the right is absolute and may be enforced by *mandamus*, regardless of the purposes or motives of the stockholder, or the existence of good cause. Where the right to be enforced is a common law right, the issuance of the writ is discretionary, and the motives of the stockholder may be questioned, and he is required to show good cause for granting the relief.

ID.—PRESUMPTION AS TO LAW OF FOREIGN STATE—IDENTITY WITH LAW OF THIS STATE.—In a proceeding by *mandamus* against such a foreign mining corporation to enforce a stockholder's right of visitation and inspection, it must be presumed, in the absence of a contrary showing, that the laws of the foreign state under which the corporation was organized and where its mines were situated, conferred the same right to visit and examine as that provided for by section 589 of the Civil Code of the state. If it should appear that such foreign state had no such law, substantially the same right and duty would exist under the common law, provided the inspection was desired for a legitimate purpose and good cause was shown therefor.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, Thomas Bryant, Nye & Malburn, and H. L. McNair, for Appellant.

N. P. Moerdyke, and Hunsaker & Britt, for Respondents.

SHAW, J.—This is a proceeding in *mandamus*.

The writ of mandate may be issued to any corporation, board or person "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use or enjoyment of a right" to which he is entitled, and there is not a plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., secs. 1085, 1086.)

The natural persons named as defendants to the action are the persons composing the board of directors of the corporation defendant and including its president and secretary. The plaintiff is a holder of stock in the defendant corporation. A corporation is the agent and trustee of its stockholders, in their behalf and for their use and benefit holding, controlling, and managing the corporate property and business (*Wright* v. *Oroville* M. Co., 40 Cal. 27; *Ashton* v. *Dashaway Assoc.*, 84 Cal. 65, [7 L. R. A. 809, 22 Pac. 660, 23 Pac. 1091]). The directors are the trustees for the stockholders and also for the corporation. It is practically conceded that there is no plain, speedy, and adequate remedy in the ordinary course of law whereby the plaintiff may obtain the relief he seeks. The foregoing statements show that the defendants occupy the position of official trustees from which duties may arise to perform acts on behalf of the plaintiff. The two questions presented for determination are: 1. Whether or not upon the facts alleged in the complaint, there is any act which the law specially enjoins as a duty resulting from this trust or station; and, 2. Whether or not the superior court of Los Angeles County can enforce performance of such act by means of the writ of mandate.

Tom Reed Gold Mining Company is a corporation organized under the laws of Arizona and having its principal place of business in Pasadena in Los Angeles County, California, and it there maintains an office and holds meetings of its directors. All of the directors, the president and secretary being members of board, reside in Los Angeles County. None of them "reside or remain" in Arizona. The company owns a gold mine in Arizona, the operations of which are carried on by

agents and employees in Arizona and subject to the direction and control of said board of directors. The plaintiff owns more than two thousand shares of the stock of said company. Having heard that there had recently been a discovery of a new body of ore in the underground workings of said mine and desiring to examine said mine and inspect said ore and ascertain whether the mining operations were carried on with skill and good judgment, so as to be advised of the value of his stock, the plaintiff demanded of the company permission to visit, inspect and examine the mine accompanied by an expert mining engineer to assist him. The company refuses to permit him to do so.

The prayer of the complaint is for a writ of mandate commanding the defendants to permit plaintiff to visit, inspect, and examine said mine, accompanied by a mining engineer to assist him therein, and requiring defendants to make and deliver to plaintiff an order directed to its agents and servants in charge of the mine, instructing them to show him such parts of the mine as he wishes to examine, and for such other relief as may be just and proper.

The mine being in Arizona it is not within the jurisdiction of the courts of this state. Our personal writs cannot run to persons who are not present in the state and they cannot be enforced upon real property beyond its limits. The writ of mandate cannot be invoked to compel performance of an act which cannot be performed within this state but must be done, if at all, at some place in another state. So far as these objections go the refusal of the writ was proper.

But there is an act in furtherance of the proposed inspection which the defendants may perform, and which it is their duty to perform in this state, to which the plaintiff upon the facts stated is clearly entitled and which comes within the scope of the relief prayed for. The corporation holds its director's meetings in this state, its directors reside here and the corporate business, in part, at least, is done here. The corporation, although organized under the laws of Arizona, is for many purposes a resident of this state. (*Wait* v. *Kern, R. M. Co.,* 157 Cal. 21, [106 Pac. 98].) Its directors, acting in this state, may make and deliver to the plaintiff an order to the persons in charge of the mine, instructing them to permit the plaintiff to enter and examine the same. In the

ordinary course of business it is to be presumed that such an order would be made in this state, rather than in Arizona, since the directors and officers reside here and hold meetings here. There is, therefore, no physical or jurisdictional obstacle to prevent the issuance and execution of a writ of mandate to compel the defendants to perform such act. Ample power to compel obedience is conferred by section 1097 of the Code of Civil Procedure, although, doubtless, the power would exist in the absence of such express grant. There is, therefore, an act which the defendants may do in this state in their trust capacity, the performance of which the court can compel.

The remaining question is whether or not this act is a duty resulting from the relations between the parties. Has a stockholder of a mining corporation the right to visit and inspect the mines of the company? We think there can be no doubt that the right exists. It is settled that at common law a stockholder has the right to inspect the books of the corporation. (2 Cook on Corporations, sec. 511; 4 Thompson on Corporations, sec. 4406 et seq.) The reasoning on which this rule is founded is that a stockholder has an interest in the assets and business of the corporation and that such inspection may be necessary or proper for the protection of his interest or for his information as to the condition of the corporation and the value of his interests therein. There is not a feature of this reasoning that does not apply with equal force to the claim of a right to examine the property of the corporation, especially where it is mining property, the condition and value of which is so easily concealed or misrepresented. The books would often afford no information of the nature of the ore bodies exposed or of the manner in which the work was carried on. "The stockholders of a corporation are the owners of its franchises and its assets and they have a right to be informed of the financial condition of the company." (*Kuhbach* v. *Irving etc. Co.*, 220 Pa. St. 431, [20 L. R. A. (N. S.) 185, 69 Atl. 981].) In *Guthrie* v. *Harkness*, 199 U. S. 153, [50 L. Ed. 131, 4 Ann. Cas. 433, 20 Sup. Ct. Rep. 5], the court quotes with approval the following passage from *Cockburn* v. *Union Bank*, 13 La. Ann. 269: "A stockholder in a corporation possesses all his individual rights, except so far as he is deprived of them by the charter or the

law of the land; as long as the charter or the rules and by-laws, passed in conformity thereto, do not restrict his individual rights, he possesses them in full and can demand to exercise them. It cannot be denied that it is the right of one to see that his property is well managed and to have access to the proper sources of knowledge in this respect." Again the court says (199 U. S. 155, [50 L. Ed. 130, 4 Ann. Cas. 433, 26 Sup. Ct. Rep. 6]) : "The right of inspection rests upon the proposition that those in charge of the corporation are merely the agents of the stockholders who are the real owners of the property," citing *Cincinnati V. Co.* v. *Hoffmeister*, 62 Ohio St. 201, [78 Am. St. Rep. 707, 48 L. R. A. 732, 56 N. E. 1033]. In the Guthrie case the United States supreme court held that the stockholders had the right, not only to inspect the books of the banking company, but also to examine its accounts and loans, or in other words, its property. It would, indeed, be a strange rule which would allow the stockholder to examine the books of a corporation to ascertain its condition and deny him an inspection of the property to verify the statements contained in the books. The rule at common law, in our opinion, extends to the corporate property as fully as to the books.

Where such right is given by statute, the rule is that, unless the statute imposes restrictions or limitations, the right is absolute and may be enforced by *mandamus,* regardless of the purposes or motives of the stockholder, or the existence of good cause. (*Johnson* v. *Langdon*, 135 Cal. 626, [87 Am. St. Rep. 156, 57 Pac. 1050].) Where the right to be enforced is a common law right, the issuance of the writ is discretionary, and the motives of the applicant may be questioned, and he is required to show good cause for granting the relief. (Ibid.) Section 589 of our Civil Code provides that any stockholder of a mining corporation, formed under the laws of this state, is entitled to visit and examine its mines accompanied by his expert, and that on his application the president of the corporation must cause its secretary to issue and deliver to him an order to the superintendent of the mine to show the stockholder such parts of the mine as he may wish to see. The case was decided below on a demurrer to the complaint, which contains no allegations as to the law of Arizona on the subject. It is therefore presumed to be the

same as the law of this state. Conceding for the purposes
of this decision the claim of the defendant that section 589
does not apply to an Arizona mining corporation having its
principal place of business in this state, and having mines
only in Arizona, it would follow that under the law of
Arizona, as we presume it to be, the same right would exist,
and the same duty would rest upon the defendants, as under
the section of the Civil Code above mentioned. If it should
turn out that Arizona has no such law and that section 589
should be held inapplicable, substantially the same right and
duty would exist under the common law, provided the inspec-
tion was desired for a legitimate purpose and good cause was
shown therefor.

It is suggested that the court should not indulge in useless
or ineffectual proceedings and that it would be useless to re-
quire the officers of the corporation to give an order to the
mining superintendent in Arizona to allow an inspection of
the mine, unless the court possessed the power and the means
to compel the superintendent to obey the order. There seems
to be a suggestion here that the defendants are disposed to
be refractory and to resist the judgments of the courts of this
state so far as they dare, while at the same time availing
themselves of the privilege of carrying on the general cor-
porate business here. We will not indulge the supposition
that this motive or intent exists. Obedience to the writ
commanding the issuance of a permit, means an obedience in
good faith with the sincere intent to carry out the judgment
of the court, and we will presume that such obedience will be
promptly accorded. It is true, the court cannot send its
officers into Arizona to induct plaintiff into the mine, but it
can compel the issuance by the defendants in this state of the
order for the inspection thereof, under such restrictions as
may seem proper, and it can see that there is no trifling with
the court in the manner of performing that act. It is not
to be supposed that the mine superintendent will disobey or
disregard a real order from his superiors. The court will
give such relief as its powers and territorial jurisdiction au-
thorizes it to give. It will not refuse any relief because it
cannot give the full relief that plaintiff asks, or because it
cannot act directly upon the premises to which the relief
relates. From what we have said the conclusion necessarily

follows that the court below erred in sustaining the demurrer to the complaint and in giving judgment for the defendants.

The judgment is reversed.

Angellotti, J., Sloss, J., Melvin, J., and Henshaw, J., concurred.

Rehearing denied.