[Civ. No. 4463. Third Appellate District.—December 24, 1931.]

HARRY ELLIS DEAN et al., Respondents, v. MRS. A. BROWER et al., Appellants.

McGee & Sumner for Appellants.

Walters & Mauk for Respondents.

PLUMMER, J.—The plaintiffs had judgment in an action for specific performance, from which judgment the defendants appeal. The cause is before us upon the judgment-roll alone.

The court found that the plaintiffs and defendants, on or about the sixteenth day of August, 1921, entered into an agreement of purchase and sale, whereby the defendants agreed to sell and deliver to the plaintiffs a certain government lease No. 87, and a furnished cottage on the leased premises, then used and occupied by the defendants, for the sum of $1500 with certain payments made at the time of the execution and delivery of the agreement, and the remainder thereof to be made in partial payments; that at the time of the beginning of this action there remained but one payment to be made upon the contract in the sum of $75. The court further found that the plaintiffs, at all times, had been ready, willing and able to make final payment, and that the defendants had refused to execute and deliver an assignment of the lease referred to, although they were able to make a good and valid assignment thereof. The finding of the court in this particular is as follows: That the plaintiffs, by said agreement, were to pay to the defendants the sum of $1500; that said plaintiffs have paid on account of said contract price $1405.98, and have been always ready, able and willing to pay the balance due thereon, according to the terms and conditions of said contract, and that plaintiffs have duly performed all the

conditions and covenants of said agreement on their part to be performed, and have demanded of the defendants that they deliver a good and sufficient assignment, etc., of the lease referred to.

The court further found that the agreement of sale between the parties was just and equitable, and that the price agreed to be paid was the reasonable value of the premises. The court further found that the plaintiffs had tendered to the defendants the balance due upon the contract.

The defendants based their appeal upon the contention that the plaintiffs had not complied with the contract, and that on December 27, 1922, the defendants gave notice to the plaintiffs that they were in default in making payments, and that while payments had been accepted at a later date than specified in the contract, unless the final payment was made within ten days the defendants would declare a forfeiture thereof. In response to this notice it appears in the findings that the plaintiffs deposited in the office of the Western Union Telegraph Company in Los Angeles a sum of money to cover the final payment and whatever interest was due thereon, for the uses and purposes of the defendants; that the defendant Mrs. A. Brower, was notified by the telegraph company of the money being there in the office, but was not told by whom it had been deposited; that the defendant Mrs. A. Brower, did not go to the office after the money, and had not received the same at the time of the trial of this action.

The answer of the defendants further alleged that the plaintiffs were in default on the twenty-seventh day of December, 1922, at the time of giving the notice just referred to. The finding of the court in this particular, however, is contrary to the allegations set forth in the defendants' answer. We set forth that portion of the finding necessary to show that the plaintiffs were not in default at the time the notice was given, to wit: "The court further finds in the answer of paragraph II of defendants, that it is not true that demand was not made by the plaintiffs on either of said defendants to deliver the title to said lease showing title vested in the plaintiffs or either of them as buyers, by delivering or executing to said plaintiffs as buyers a good and sufficient, or any assignment of said lease, or at all; that it is true that the defendants have

refused to execute said assignment, necessary to carry out the terms or agreement on their part to be performed; that it is not true that on December 27, 1922, plaintiffs were in default under the terms of the contract mentioned in plaintiffs' complaint, as Exhibit A.'' (Exhibit A is the contract or agreement of purchase and sale to which we have referred.) As the testimony is not before us, and consequently no showing as to whether this finding is or is not supported, it must be accepted as true upon this appeal, and therefore eliminates consideration of all questions relating to the notice and the sufficiency of the alleged tender of the asisgnment of the lease, and likewise, all questions as to the sufficiency of the plaintiffs' tender of the unpaid portion of the purchase price.

On the part of the appellants it is contended that specific performance will not be decreed requiring the assignment of the lease. This contention is based upon the assumption that specific performance will not be decreed where personal property only is involved, and that the leasehold interest involved in this action is only a chattel real, and is governed by the law relating to personal property.

A lease is thus defined in 35 C. J. 1140: ''A lease is generally regarded as a conveyance or grant of an estate in real property for a limited term, with conditions attached, and in this connection has been defined as a conveyance to a person for life or years or at will, in consideration of a return of rent or other recompense, and as a conveyance of any lands or tenements, usually in consideration of rents or other annual recompense,'' etc. Section 1215 of the Civil Code reads: ''The term 'conveyance' as used in section 1213 and 1214 embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged or encumbered or by which the title to any real property may be affected, except wills.'' The sections referred to in section 1215, *supra,* specified what instruments must be recorded to give notice. That specific performance will lie to compel the renewal of a lease was held by this court in the case of *Penilla* v. *Gerstenkorn,* 86 Cal. App. 668 [261 Pac. 488, 489]. In the opinion in that case the following language was quoted with approval: ''The right of renewal constitutes a part of the tenant's interest in the land, and in the absence of a covenant to the

contrary, may be sold and assigned by him and the benefits of this right may be enforced by the assignee." (Citing Taylor's Landlord and Tenant, sec. 332; *Standard Oil Co.* v. *Slye,* 164 Cal. 435. [129 Pac. 589].) Even though personal property only is involved, equity will sometimes decree specific performance of a contract of sale where justice so requires and compensation and damages are uncertain or cannot be adequately determined. (*Wait* v. *Kern River Min. etc. Co.,* 157 Cal. 16 [106 Pac. 98, 101].) The court there used the following language: "The right of a court of equity to decree specific performance does not turn at all upon the question whether the contract relates to real or personal property, but altogether upon the question whether the breach complained of can be adequately compensated in damages." (Citing *Senter* v. *Davis,* 38 Cal. 450; *Fleishman* v. *Woods,* 135 Cal. 261 [67 Pac. 276].)

It is also held in this state that a lease of real property containing a covenant to renew, is a conveyance of real property within the meaning of section 1215 of the Civil Code. See, also, section 9, Pomeroy on Specific Performance, where this language is used: "Where the contract involved concerns land, or in general, where land or any estate or interest is the subject of the agreement, the jurisdiction to enforce specific performance is undisputed, and does not depend upon the inadequacy of the legal remedy of the case." Other cases might be cited but the foregoing are sufficient to show that equity has jurisdiction to decree specific performance of an assignment of a lease. No distinction can be drawn between cases holding that equity will decree the execution of a lease, the renewal of a lease, and one where the question involves an assignment of a lease.

As contended for by the appellants, the court failed to find the amount which should be paid by the plaintiffs to the defendants upon delivery of the assignment of the lease referred to, and in the judgment entered failed to make any provision for such payment or making the delivery of the assignment contingent thereupon. The record shows that the defendants have gone into the possession of the premises, but there is no showing as to the value of the use and occupation thereof, or of the rental value of the premises which might be allowed as an offset.

It therefore follows that the cause must be remanded for further proceedings to ascertain what amount, if any, is due from the plaintiff to the defendants, and what amount, if any, should be paid upon receipt of the assignment of the lease in controversy.

The judgment of the trial court, in so far as it decrees specific performance, is affirmed. As to all other particulars the judgment is reversed and the cause remanded for the sole purpose of ascertaining the amount, if any, due from the plaintiffs to the defendants, to be paid upon receiving the assignment of the lease heretofore mentioned in the agreement entered into between the plaintiffs and the defendants. Neither party will be allowed costs.

Preston, P. J., and Thompson (R. L.), J., concurred.